UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ROBERT SHANE PEGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   C07-714-BHS-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| KING COUNTY, *et al.*, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | SECOND MOTION FOR |
| Defendants. | ) | APPOINTMENT OF COUNSEL |
| | ) | |

The Court, having reviewed plaintiff's second motion for appointment of counsel, and the balance of the record, does hereby find and ORDER:

(1) Plaintiff's second motion for appointment of counsel (Dkt. No. 29) is DENIED. As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER DENYING PLAINTIFF'S
SECOND MOTION FOR
APPOINTMENT OF COUNSEL - 1

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se.  Thus, plaintiff has not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel at the present time.

(2) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Benjamin H. Settle.

DATED this 22nd day of April, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL - 2